IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01335-BNB

TIMOTHY MEEK,

    Plaintiff,

v.

VAN CISE SIMONET DOWNTOWN DETENTION CENTER
    ADMINISTRATIVE REVIEW BOARD,
CAPTIN [sic] MS. KOONTZ,
SARGEANT MR. JORDAN (both defendants are being sued
    in ther [sic] offical [sic] and individual capacities,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Timothy Meek, attempted to initiate the instant action by submitting *pro se* a motion titled "Motion to Intent to Sue" (ECF No. 1) concerning his placement in administrative segregation while confined at the Van Cise-Simonet Detention Center in Denver, where he then was incarcerated. He since has informed the Court that he is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Limon, Colorado.

    On May 13, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Plaintiff to cure within thirty days certain deficiencies in the instant action. Specifically, Mr. Meek was told to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court's current form revised October 1, 2012, with an Authorization and Certificate of Prison Official and a certified copy of his trust fund account statement for the six-month period immediately proceeding this filing.

Alternatively, Mr. Meek was informed he could pay the $400.00 filing fee.  In addition, Mr. Meek was directed to file a Prisoner Complaint on the Court-approved form.  Finally, he was directed to obtain the correct forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.

On May 22, 2014, Mr. Meek submitted an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4) asserting civil rights claims and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 5).  On May 23, 2014, Magistrate Judge Boland entered an order (ECF No. 6) directing Mr. Meek to show cause within thirty days why the habeas corpus application should not be denied because he failed to assert habeas corpus claims.

On June 27, 2014, instead of showing cause as directed, Mr. Meek filed a Prisoner Complaint (ECF No. 11) pursuant to 42 U.S.C. § 1983 concerning his placement in administrative segregation while confined at the Van Cise-Simonet Detention Center and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 12).  He also filed a motion (ECF No. 13) titled "Motion to Transfer Exhibits."  On July 25, 2014, the Court granted Plaintiff leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  In the Prisoner Complaint, Mr. Meek failed to allege whether he was a pretrial detainee or a convicted felon while incarcerated at the Van Cise-Simonet Detention Center.

The Court must construe Mr. Meek's Prisoner Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. The Court may disregard conclusory allegations, which are not entitled to a presumption of truthfulness. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Meek v. Jordan*, 534 F. App'x 762, 764 (10th Cir. 2013). For the reasons stated below, Mr. Meek will be ordered to file an amended Prisoner Complaint.

Mr. Meek may not sue the administrative review board of the Van Cise-Simonet Detention Center. The Van Cise-Simonet Detention Center and its administrative review board are not separate entities from the City and County of Denver, and, therefore, are not persons under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the Van Cise-Simonet Detention Center and its administrative review board must be considered as asserted against the City and County of Denver.

In addition, municipalities, such as the City and County of Denver, and municipal entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability,

a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief against El Paso County under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Meek generally alleges that on April 24, 2014, while he was incarcerated at the Van Cise-Simonet Detention Center in Denver, he was removed from the general population and placed in punitive segregation as a result of an alleged rule infraction. He further alleges that on April 30, 2014, he was "cleared of any wrong doing." ECF No. 11 at 3. He contends on the same day he was informed by a Captain Brown, who is not a named defendant, he would be returned to the general population and all his privileges restored. He further contends that later the same day he was informed by a Deputy White, who is not a named defendant, that Defendants, Captain Ms. Koontz and Sergeant Mr. Jordan, had decided not to return him to the general population, but rather to place him in administrative segregation, where he remained for thirty days. He complains about the conditions of his confinement in administrative segregation, including but not limited to lack of personal privacy, cell confinement twenty-three hours daily, deprivation of human and social contact and mental stimulation, exposure to bright lights twenty-four hours daily, and inability to purchase personal hygiene items. He alleges that after thirty days in segregation, he was transferred to the DOC and placed in administrative segregation. He asserts that he suffered various physical and mental ailments as a result of his detention center administrative segregation.

As his first claim, he complains his due process rights were violated by Captain Koontz and Sergeant Jordan because he was not provided with a hearing before being

placed in administrative segregation. However, he fails to allege specific facts indicating whether his transfer to administrative segregation necessitated a prior hearing.

If the purpose is punishment, "[s]egregation of a prisoner without a prior hearing may violate due process if the postponement of procedural protections is not justified by apprehended emergency conditions." *Frazier v. Dubois*, 922 F.2d 560, 563 (10th Cir. 1990) (quoting *Hughes v. Rowe*, 449 U.S. 5, 11 (1980)). If the segregation is non-punitive in nature and is done for administrative or supervisory reasons, the inmate has no due process rights prior to administrative confinement unless prison regulations provide him with a liberty interest. *Frazier*, 922 F.2d at 563 (citing *Hewitt v. Helms*, 459 U.S. 460, 476 (1983)). Based on the facts alleged in claim one, Mr. Meek does not appear to be challenging his initial punitive segregation, but rather the decision to place him in administrative segregation after the rule infraction was overturned.

The due process clause does not protect an inmate from being transferred from one institution to another, and placing an inmate into administrative segregation does not "involve deprivation of a liberty interest independently protected by the Due Process Clause." *Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006). However, prison conditions that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" may create a liberty interest protected by the Due Process Clause. *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The current record does not allege facts demonstrating atypical and significant hardship.

As his second claim, Mr. Meek complains that because he was denied the due process procedural safeguards of written notice of the charges against him and an opportunity to present a defense, he is being treated differently than other similarly

situated inmates. As his third and final claim, he alleges that by not being allowed these due process safeguards and by being treated in a manner that is capricious, arbitrary, and discriminatory, he has been subjected to cruel and unusual punishment.

Mr. Meek's second and third claims are vague and conclusory. Both claims are based on his assertion that his due process rights were violated. A person's right to equal protection is violated when the government or its officials treat him or her differently than others who are similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). However, Mr. Meek fails to assert any facts demonstrating how he was treated differently than similarly situated inmates and by whom, or identify the similarly situated inmates.

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of "'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Mr. Meek cannot assert a cognizable claim under the Eighth Amendment unless he alleges that prison officials were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Stated another way, Mr. Meek must demonstrate both that the injury he suffered was sufficiently serious and

that prison officials acted with deliberate indifference. *See Tafoya*, 516 F.3d at 916. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "To the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offense against society." *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981); *see also Battle v. Anderson*, 788 F.2d 1421, 1427-28 (10th Cir. 1986) (affirming that a prison is "not a nursery school" but a place for confining convicted felons). Mr. Meek fails to assert any facts demonstrating how he was subjected to cruel and unusual punishment and by whom.

The amended Prisoner Complaint Mr. Meek will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Meek fails to assert his claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim. Generally, Mr. Meek fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

It is Mr. Meek's responsibility to present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Meek must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or defendants be required to sift through Mr. Meek's vague and conclusory allegations to

determine the heart of each claim.

The Prisoner Complaint also is deficient because Mr. Meek fails to allege facts that demonstrate each of the named defendants personally participated in the constitutional violations asserted in claims two and three. In order to state a claim in federal court, Mr. Meek "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Meek should name as defendants in his amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Meek must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant

may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Iqbal*, 556 U.S. at 676. Furthermore,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Mr. Meek may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Meek uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Meek will be given an opportunity to cure the deficiencies by submitting an

amended Prisoner Complaint that sues the proper parties, states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

Mr. Meek is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may act as a dismissal with prejudice if Mr. Meek seeks to refile in this Court because the two-year limitations periods may have run on his § 1983 claims.

Accordingly, it is

ORDERED that **within thirty (30) days from the date of this order** Plaintiff file an amended Prisoner Complaint that complies with the directives of this order. It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing the amended Prisoner Complaint. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, some claims against some defendants or the entire Prisoner Complaint and the action may be dismissed without further notice. It is

FURTHER ORDERED that the motion (ECF No. 13) titled "Motion to Transfer

Exhibits" is denied.

DATED at Denver, Colorado, this 31st day of July, 2014.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge