IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01335-MSK-KLM

TIMOTHY MEEK,

    Plaintiff,

v.

MS. KOONTZ, Captain, and
MR. JORDAN, Sergeant,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss Prisoner Complaint** [#30][1] (the "Motion"). Plaintiff, who proceeds in this matter as a pro se litigant,[2] filed a Response [#31], and Defendants filed a Reply [#32]. The Motion has been referred to the undersigned for recommendation [#33] pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1(c). The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For

---

[1] "[#30]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#30] be **GRANTED**.

## I. Summary of the Case

Plaintiff is presently incarcerated at the Colorado State Penitentiary, but the events underlying this lawsuit occurred at the Van Cise-Simonet Downtown Detention Center (the "DDC"). *See Am. Compl.* [#20] at 3. Defendant Captain Koontz ("Koontz") and Defendant Sergeant Jordan ("Jordan") were employed at the DDC at the time of these events. *Id.* at 2.

The facts alleged in the Amended Complaint [#20] are sparse. While a pretrial detainee, Plaintiff was apparently accused of some unspecified wrong-doing for which he was later cleared. *Id.* at 3, 5. On April 30, 2014, he alleges that Defendants Koontz and Jordan conspired to violate his due process rights by not providing him with proper notice before they placed him in administrative segregation. *Id.* at 4. Plaintiff says that he did not receive a hearing before being placed in administrative segregation. *Id.* There, he endured "23 hour lock down, no mental stimulation, no socialization, breakdown in Plaintiff's mental health conditions, . . . suicid[al] thoughts, and major depression." *Id.* at 3. Plaintiff also describes his time in administrative segregation as causing "severe headaches, weight loss and gain, blurry vision due to lights on 24 hours a day, pain, rashes, bed sores, . . . suicid[al] thoughts and attemp[t]s, affecting [Plaintiff's] bipolar, . . . severe depression, [and] rage." *Id.* at 9.

In connection with these events, Plaintiff appears to asserts six causes of action: (1) violation of the Fifth Amendment, (2) violation of the Sixth Amendment, (3) violation of the

Fourteenth Amendment, (4) § 1983 conspiracy, (5) a *Monell* claim against Defendants in their official capacities, and (6) violation of Colo. Rev. Stat. § 18-1-411.  *Id.* at 4-5. Defendants argue that all of Plaintiffs' claims should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted.[3]

## II.  Standard of Review

Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations."  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (citation omitted).  That said, "[s]pecific facts are not necessary;

---

[3] The Court notes that Defendants have withdrawn their argument regarding failure to exhaust administrative remedies under the Prisoner Litigation Reform Act.  *Reply* [#32] at 2.

3

the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192 .

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

### III. Analysis

**A.    Sixth Amendment**

The Sixth Amendment provides a number of guarantees regarding criminal trials, including the right to a speedy and public trial by an impartial jury, the right to confront witnesses, and the right to the assistance of counsel. U.S. Const. amend. VI. Plaintiff does not allege any defects in connection with a criminal trial, and prison disciplinary proceedings are not part of a criminal prosecution. *See Pollard v. Soares*, No. 09-cv-00106-REB-KLM, 2010 WL 582370, at *13 (D. Colo. Feb. 18, 2010) (citing *Lucero v. Gunter*, 17 F.3d 1347, 1351 (10th Cir. 1994)). Thus, Plaintiff does not allege a Sixth Amendment violation. Accordingly, the Court **recommends** that Plaintiff's Sixth

Amendment claim be **dismissed with prejudice**. *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (stating that prejudice should attach to a dismissal when the plaintiff has not made allegations "which, upon further investigation and development, could raise substantial issues").

**B.    Fifth Amendment**

The Fifth Amendment applies to laws enacted by the federal government. *See Baker v. State*, No. 13-cv-01334-PAB-KLM, 2014 WL 624342, at *3 n.2 (D. Colo. Feb. 18, 2014). Because Plaintiff was incarcerated in a state facility at the time of the incidents alleged, Plaintiff's due process concerns are therefore better construed as having been brought under the Fourteenth Amendment, which Plaintiff also asserts. *See id.*; *Am. Compl.* [#20] at 4. Thus, Plaintiff does not properly allege a Fifth Amendment violation. Accordingly, the Court **recommends** that Plaintiff's Fifth Amendment claim be **dismissed with prejudice**. *Reynoldson*, 907 F.2d at 127.

**C.    Fourteenth Amendment**

Plaintiff argues that he was deprived of procedural due process when he was placed in administrative segregation without first having been given appropriate notice and a hearing. However, as explained more fully below, procedural due process protections do not extend to placement in administrative segregation *unless* that placement is for an extended duration or otherwise places an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Generally, a procedural due process claim requires a plaintiff to demonstrate two things: (1) that he possesses a protected liberty or property interest, and (2) that the

procedures utilized were inadequate under the circumstances. *Brown v. Moore*, No. 13-cv-00888-BNB, 2013 WL 3093917, at *2 (D. Colo. June 18, 2013) (citing *Brammer–Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1209 (10th Cir. 2007)). A plaintiff does *not* have a due process claim to the extent it relates to time spent in punitive segregation serving the sanction imposed as a result of a disciplinary conviction. *Brown*, 2013 WL 3093917, at *2. Here, however, Plaintiff alleges that his placement in administrative segregation was not as a result of punitive measures from a disciplinary conviction. Plaintiff must therefore demonstrate that he was deprived of a protected liberty interest.

A liberty interest within the meaning of the due process clause "may be created by the government through statute, regulation, or otherwise, or it may arise directly from the due process clause." *Velasco-Gutierrez v. Crossland*, 732 F.2d 792, 796 (10th Cir. 1984) (citing *Hewitt v. Helms*, 459 U.S. 460 (1983)). "[T]he government creates a liberty interest by placing 'substantive limitations on official discretion.'" *Velasco-Gutierrez*, 732 F.2d at 796 (quoting *Olim v. Wakinekona*, 461 U.S. 238 (1983)).

With respect to incarcerated individuals, the United States Supreme Court has found that due process liberty interests created by state regulations are "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to ordinary incidents of prison life." *Brown*, 2013 WL 3093917, at *2 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). However, the Supreme Court has determined that an examination of prison rules or regulations themselves is not an appropriate method for ascertaining the existence of a liberty interest; instead, courts are directed to look at the conditions of confinement to determine whether the inmate suffered a hardship. *Brown*, 2013 WL 3093917, at *2 (citing *Wilkinson v. Austin*, 545 U.S. 209, 221-

23 (2005); *Estate of DiMarco v. Wyo. Dep't. of Corrs.*, 473 F.3d 1334, 1339 (10th Cir. 2007) (stating that "[s]tate policies or regulations will not create the basis for a liberty interest in the conditions of confinement so long as they do not impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

Importantly with respect to Plaintiff's claim, "[t]he mere placement in administrative segregation does not, on its own, implicate a liberty interest." *Brown*, 2013 WL 3093917, at *2 (citing *Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996); *Templemen v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). "[A]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Brown*, 2013 WL 3093917, at *2 (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled in part on other grounds*). Plaintiff must provide allegations that his placement in administrative segregation without notice and a hearing caused him to suffer an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 484. "A 'significant and atypical hardship' sufficient to create a liberty interest is one that is of substantial degree (i.e., whether such conditions do more than mirror those in administrative segregation and protective custody) and duration." *Brown*, 2013 WL 3093917, at *3 (citing *Gaines v. Stenseng*, 292 F.3d 1222, 1226 (10th Cir. 2002)).

For example, in *Wilkinson*, 545 U.S. at 224, the Supreme Court determined that the plaintiff had a liberty interest subject to due process protections when officials *indefinitely* placed him in a super-max prison where almost all human contact was prohibited and that made him ineligible for parole. *See Brown*, 2013 WL 3093917, at *3. In *Fogle v. Pierson*, 435 F.3d 1252, 1257, 1259 (10th Cir. 2006), an inmate's allegations that he was confined to his cell for a three-year period for all but five hours each week and denied access to the

telephone, showers, outdoor recreation, the law library and programs offered to general population also arguably implicated procedural due process concerns. *See Brown*, 2013 WL 3093917, at *3.

On the other hand, the discretionary confinement of an inmate in segregation, when mirroring normal conditions imposed on inmates in administrative segregation, does not implicate a liberty interest subject to procedural due process concerns such that notice and a hearing are required. *See Brown*, 2013 WL 3093917, at *3 (citing *Sandin*, 515 U.S. at 486). For example, an inmate's confinement of thirty days does not present the type of atypical, significant deprivation in which a State might create a liberty interest. *Id.* "[S]egregation for some lesser period [than seventy-five days] could fail as a matter of law to satisfy the 'atypical and significant' requirement . . . ." *See Brown*, 2013 WL 3093917, at *3 (quoting *Gaines*, 292 F.3d at 1226).

The Court first examines the alleged duration of Plaintiff's confinement. *See Gaines*, 292 F.3d at 1226. Plaintiff does not allege in the Amended Complaint that his confinement was of a great duration. In fact, he provides no information whatsoever about the length of his confinement.[4] Accordingly, guided by the principles of *Sandin*, *Gaines*, and *Wilkinson*, the Court cannot find that Plaintiff has alleged that his placement in administrative segregation constituted a duration significant enough to necessarily demonstrate an "atypical and significant hardship."

---

[4] In a previous version of the Complaint filed in this lawsuit, Plaintiff alleges that he was in administrative segregation at the DDC for thirty days, from April 30, 2014, to May 29, 2014. [#11] at 6. While the Court does not use this allegation for the purpose of analyzing the Motion, *see Mobley*, 40 F.3d at 340, the Court notes that this allegation would not save Plaintiff's claim if he were permitted to file a Second Amended Complaint to include this information. *See Gaines*, 292 F.3d at 1226.

Second, the Court examines the alleged conditions to which Plaintiff was subjected during his confinement to see if they varied by a substantial degree from conditions normally experienced by inmates in administrative segregation. *See Gaines*, 292 F.3d at 1226. Extreme deprivations are required to make out a claim based on the conditions of confinement. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The inmate must be deprived of the "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted). Without "a specific deprivation of a human need, a . . . claim based on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). "The core areas entitled to protection . . . include food, shelter, sanitation, personal safety, medical care, and adequate clothing." *Brown*, 2013 WL 3093917, at *3 (citing *Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992)).

Plaintiff provides no allegations in the Amended Complaint that demonstrate that the conditions of administrative segregation to which he was subjected at the DDC substantially varied from the conditions normally experienced by inmates in administrative segregation, such that Defendants' actions imposed atypically significant hardships on him in relation to the ordinary incidents of prison life. He does not alleged with any degree of specificity that he was deprived of food, shelter, sanitation, personal safety, medical care, or adequate clothing. *See Clemmons*, 956 F.2d at 1527. "The fact that [Plaintiff] disagrees with the conditions of his confinement does not mean that he is deprived of the minimal civilized measure of life's necessities." *Brown*, 2013 WL 3093917, at *4.

Because Plaintiff has not shown that his confinement in administrative segregation imposed atypically significant hardships on him in relation to the ordinary incidents of prison life with respect to either duration of confinement or conditions of confinement, he has

failed to demonstrate that he had a liberty interest subject to procedural due process protections. *See Gaines*, 292 F.3d at 1226. Thus, his Fourteenth Amendment due process fails.

Finally, the Court notes that insofar as Plaintiff asserts that his status as a pretrial detainee, as opposed to a convicted inmate, alters this result, he is incorrect. In the similar case of *Brown v. Moore*, 2013 WL 3093917, at *1, the plaintiff alleged that he was a pretrial detainee at the DDC and placed in segregation for an alleged thirty-six days, only part of which was punitively-mandated following a disciplinary hearing. The detainee there made a similar due process claim, and the *Brown* court, applying the principals described above, also found that the plaintiff's due process claim was without merit. Although Plaintiff alleges that his time in administrative segregation was unfair, he has not provided allegations that his constitutional rights were violated.

Accordingly, the Court **recommends** that Plaintiff's Fourteenth Amendment due process claim be **dismissed with prejudice**.[5]  *Reynoldson*, 907 F.2d at 127.

**D.    § 1983 Conspiracy**

Plaintiff's allegations are insufficient to support a claim for conspiracy because Plaintiff must allege not only an "agreement" to deprive him of his rights, but must also prove an actual deprivation of a constitutional right in order to recover on a § 1983 conspiracy claim. *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990). Because the Court has concluded that Plaintiff failed to state a Fifth, Sixth, or Fourteenth

---

[5] The Court has examined the statements made by Plaintiff in the Response [#31] and Affidavit [#34] and sees no statements therein that would alter this Recommendation if Plaintiff were permitted to add those allegations to his Amended Complaint.

Amendment claim, Plaintiff cannot prove an actual deprivation of his rights under these constitutional amendments about which Defendants might have conspired to deprive him. Accordingly, the Court **recommends** that Plaintiff's § 1983 conspiracy claim be **dismissed with prejudice**.[6]  *Reynoldson*, 907 F.2d at 127.

### E.     Official Capacity Claims

Although unclear from the Amended Complaint, Plaintiff may also be asserting claims against Defendants in their official capacities. An action against a person in his or her official capacity is, in reality, an action against the government entity for whom the person works. *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998). A plaintiff who seeks to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388 (1997). Here, Plaintiff has not provided allegations that Defendants' conduct was related to any policy or custom of the City and County of Denver. Therefore, Plaintiff fails to state a claim against Defendants in their official capacities. Accordingly, the Court **recommends** that Plaintiff's official capacity claims be **dismissed with prejudice**. *Reynoldson*, 907 F.2d at 127.

### F.     State Law Claim

Plaintiff also appears to assert a claim under Colo. Rev. Stat. § 18-1-411. *See Am.*

---

[6] To the extent that Defendants assert qualified immunity, the court notes that "[t]echnically, qualified immunity does not come into play if there has been no constitutional or statutory violation. It provides immunity to public officials who violate established rights but are reasonably unaware of a problem because the right was not clearly established when the violation occurred."). *Hawker v. Sandy City Corp.*, 591 F. App'x 669, 672 n.5 (10th Cir. 2015). Because the Court has found in Sections III.A-III.E above that Plaintiff has not alleged a constitutional violation against Defendants, qualified immunity is therefore inapplicable.

*Compl.* [#20] at 5. This claim would thus be one which "[f]ederal law neither created . . . nor is federal law a necessary element of it. It is purely a state-law claim." *Tinner v. Farmers Ins. Co.*, 504 F. App'x 710, 714 (10th Cir. 2012) (citation omitted). Here, subject matter jurisdiction is based on federal question jurisdiction. *See Am. Compl.* [#20] at 3. As a result, in order to consider the remaining claim, the Court must exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The exercise of supplemental jurisdiction "is within a district court's discretion." *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013). Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." *See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . . , the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims"). Thus, having recommended dismissal of Plaintiff's federal claims, the Court further recommends that the District Judge decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim and that such claim be **dismissed without prejudice**. *Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (holding that where federal claims are dismissed before trial, federal courts should decline to exercise supplemental jurisdiction over state law claims by dismissing the claim without prejudice).

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#30] be **GRANTED**, and that Plaintiff's Amended Complaint [#20] be **dismissed with**

**prejudice in part and dismissed without prejudice in part**, as outlined above.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 24, 2015, at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge