**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-01335-MSK-KLM

TIMOTHY MEEK,

    Plaintiff,

v.

CAPTAIN KOONCE, and
SERGEANT JORDAN,

    Defendants.

**SUPPLEMENTAL OPINION AND ORDER ON MOTION TO DISMISS**

This Opinion and Order supplements the Court's August 20, 2015 Opinion and Order **(#50)** on the Defendants' Motion to Dismiss **(#30),** which Order addressed whether claims brought by Mr. Meek under federal law should be dismissed. This Order addresses Mr. Meek's claim brought under Colorado law.

**I.   Background**

The Plaintiff, Timothy Meek, appears *pro se*.[1] In his Second Amended Complaint **(#20)**, he asserts claims arising from his detention in administrative segregation. Two types of claims are brought: (1) federal law claims pursuant to 42 U.S.C. § 1983 for conspiracy and violation of his rights under the Fifth, Sixth, and Fourteenth Amendments; and (2) a state law claim for

---

[1] The Court is mindful of Mr. Meek's *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other such defects in a plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relive a plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Mr. Meek according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

violation of Colo. Rev. Stat. § 18-1-411 because he had been "cleared of any wrong doing" and therefore was "actually innocent" at the time he was placed in administrative segregation. The Defendants, Captain Koonce and Sergeant Jordan, moved to dismiss **(#30)** all of the claims under Fed. R. Civ. P. 12(b)(6).[2]

The Motion to Dismiss was referred to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge recommended **(#44)** that all federal law claims be dismissed for failure to state a claim, and with regard to the state law claim, that the court decline to exercise supplemental jurisdiction. Mr. Meek objected[3] only to the recommended dismissal of the federal law claims. **(#45)**

On August 20, 2015, this Court issued an Opinion and Order **(#50)** addressing the federal law claims, ultimately concluding that a § 1983 claim based on denial of procedural due process had been sufficiently plead and therefore should not be dismissed at this time. The Court also found that although Mr. Meek did not object to the Recommendation that the court decline to exercise supplemental jurisdiction over and therefore dismiss the state law claim, his failure to object was not a waiver of his right to object. Because dismissal of the state law claim was premised upon dismissal of all of the federal law claims, which has not occurred, this Court must address the merits of the Defendants' Motion to Dismiss as to the state law claim. For that, the Court engages in *de novo* review.

---

[2] In addition, the Defendants also argued that Mr. Meek's claims were barred due to his failure to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). However, the Defendants affirmatively abandoned this argument in their reply.

[3] When a Magistrate Judge issues a Recommendation on a dispositive motion, the parties may file specific, written objections within 14 days after being served with a copy of the Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court makes a *de novo* determination of those portions of the recommendation to which timely and specific objection is made. *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## II. Standard of Review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled allegations in the complaint as true and view those allegations in the light most favorable to the plaintiff. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). The Court must limit its consideration to the four corners of the complaint, any documents attached thereto, and any external documents that are referenced in the complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To make such an assessment, the Court first discards those averments in the complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949-50. The Court takes the remaining, well-pled factual contentions as true and ascertains whether those facts, coupled with the law establishing the elements of the claim, support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* at 1950-51. What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

### III. Analysis

C.R.S. §§ 18-1-411 through 18-1-416 create a procedure that enables convicted inmates to seek post-conviction relief based on post-conviction testing of DNA evidence.  For example, Section 18-1-412 allows a convicted and incarcerated person to apply to the district court for DNA testing.  According to § 18-1-413, DNA testing is not authorized, however, unless the petitioner demonstrates, among other things, that favorable results of the testing would demonstrate the petitioner's "actual innocence."  Section 18-1-411 defines pertinent terms and phrases, including "actual innocence," which means "clear and convincing evidence such that no reasonable juror would have convicted the defendant."

Given the nature and provisions of these statutes, the Court finds that Mr. Meeks claim under § 18-1-411 must be dismissed.  Even using a liberal pleading standard, the only facts asserted in the Second Amended Complaint pertain to Mr. Meek being placed in administrative segregation and the effect it had on his mental health.  It appears that he was a pre-trial detainee at the time.  Thus, none of the facts alleged relate to post-conviction DNA testing, or other post-conviction relief.  Mr. Meek's reference to "actual innocence" appears to borrow from language found in § 18-1-411, but the Second Amended Complaint states no facts that would evidence a plausible cause of action under §§ 18-1-411 through 18-1-416.  In addition, because Mr. Meeks has had ample opportunity to amend and there is no showing of any facts that would present a cognizable claim under these statutes, the Court declines to offer him an opportunity to further amend.

## IV. Conclusion

This Opinion and Order is a supplement to the Court's August 20, 2015 Opinion and Order **(#50)**. The Motion to Dismiss **(#30)** is **GRANTED** with respect to the Plaintiff's claim for violation of C.R.S. § 18-1-411, which is dismissed without leave to amend.

The only claim remaining in this case is Plaintiff's claim brought under 42 U.S.C. § 1983 for violation of his 14th Amendment procedural due process rights as a pretrial detainee.

Dated this 24th day of August, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge